IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| SEAN ALLEN CORSEY, | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | Civil Action No. 4:20-CV-1073-P |
| | § | |
| ERIC D. WILSON, Warden, | § | |
| FMC-Fort Worth, | § | |
| Respondent. | § | |

## OPINION AND ORDER

Before the Court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed by Petitioner, Sean Allen Corsey, a federal prisoner confined at FMC-Fort Worth, against Eric D. Wilson, warden of FMC-Fort Worth, Respondent. After considering the pleadings and relief sought by Petitioner, the Court has concluded that the petition should be denied.

**I. BACKGROUND**

Petitioner is serving a total aggregate sentence of 144 months in the Bureau of Prisons (BOP) for his 2012 convictions in the United States District Court for the Western District of Texas, Case No. W-11-CR-167(01). Resp't's App. 24, ECF No. 10. In this petition, Petitioner seeks prior custody credit toward his federal sentence for time spent in state custody from June 2, 2011, through May 8, 2013, pursuant to 18 U.S.C. § 3585(b) and *Willis v. United States,* 438 F.2d 923 (5th Cir. 1971). Pet. 2–5, ECF No. 1.

Based on the documentary evidence presented, Respondent sets forth the following factual background of the case:

On March 17, 2005, Petitioner, was convicted of a Delivery of Controlled Substance, To Wit, Cocaine, in Texas state case number 2004-1185-C in McLennan County, Texas. Petitioner was sentenced to an eight-year term of imprisonment in the Texas Department of Criminal Justice (TDCJ). He was released from TDCJ on mandatory supervision in 2007 and returned on a violation in 2009. Petitioner was again released to mandatory supervision in August 2010, and pre-revocation of parole warrant was issued in December 2010. On June 2, 2011, Petitioner was arrested by law enforcement authorities in Waco, Texas, on that pre-revocation parole warrant. On June 23, 2011, Petitioner was transferred from state to federal custody pursuant to a writ of habeas corpus *ad prosequendum.*

On March 28, 2012, Petitioner was sentenced in the U.S. District Court for the Western District of Texas to a 92-month term of imprisonment for a violation of 21 U.S.C. § 841(a)(1) & § 841(b)(1)(B)(iii) Possession with Intent to Distribute at least 28 Grams of "Crack" Cocaine and 18 USC § 922(g)(1) and § 924(e)(1) Possession of a Firearm by a Convicted Felon, and to a 60-month term imprisonment for a violation of 18 U.S.C. § 924(c)(1)(A)(i) Possession of Firearm During the Commission of a Drug Trafficking Crime, for a total aggregate term of 152-months imprisonment. The Judgment indicated that the two 92-month sentences were to run concurrently to each other and were to run consecutively to the 60-month federal sentence. The judgment was silent regarding the federal sentences' relationship with the state parole violation. After sentencing on March 28, 2012, Petitioner was returned to Texas state authorities.

On April 23, 2012, Petitioner's parole was revoked in case number 2004-1185-C. He continued to serve his original 8 year term of imprisonment for the original McLennan County case number 2004-1185-C. On May 8, 2013, Petitioner was released on parole by TDCJ to the custody of the U.S. Marshals for commencement of his federal sentence.

On August 20, 2015, Petitioner's federal sentencing court issued an order reducing his two concurrent 92-month terms of imprisonment to 84-months. His 60-month sentence was unchanged, resulting in a 144-month aggregate sentence.

On October 17, 2016, Petitioner submitted an administrative remedy request regarding his request to have additional prior custody credit applied to his federal sentence beginning on June 2, 2011, the date of his arrest by Texas

2

state authorities. Pursuant to BOP Program Statement 5160.05, Designation of State Institution for Service of Federal Sentence, the BOP considers an inmate's request for prior custody credit for time spent in state custody as a request for a *nunc pro tunc* or retroactive designation, and his administrative remedy request was interpreted as such. On October 31, 2016, the BOP contacted Petitioner's federal sentencing court for its position on the concurrency of Petitioner's federal sentence with his state sentence. On November 8, 2016, the sentencing court responded to BOP's inquiry stating that, "Mr. Corsey's charges pending against the defendant in state court were not related to and were not considered relevant conduct in the instant offenses. Accordingly, the state institution should not be designated for service of the federal sentence." On November 29, 2016, the BOP reviewed Petitioner's *nunc pro tunc* designation request under 18 U.S.C § 3621(b). Petitioner's request for a *nunc pro tunc* designation was denied. Petitioner was notified of this denial on November 29, 2016. On April 5, 2017, the BOP responded to Petitioner's administrative remedy request, explaining that he would not receive a *nunc pro tunc* designation and his sentence had been computed correctly.

Petitioner's 144-month aggregate federal sentence has been calculated as commencing on May 8, 2013, and no prior custody credit has been applied to his sentence. Petitioner's anticipated release date is July 29, 2023, via good conduct time release.

Pet'r's Resp. 1–4, ECF No. 9 (record citations omitted).

## II. DISCUSSION

Generally, the sovereign which first arrests an individual acquires primary jurisdiction for purposes of trial, sentencing, and incarceration. *United States v. Cole,* 416 F.3d 894, 897 (8th Cir. 2005); *States v. Warren,* 610 F.2d 680, 684–85 (9th Cir. 1980); *McCarthy v. Warden,* 168 F. App'x 276, 277 (10th Cir 2006). The arresting sovereign retains primary jurisdiction unless it relinquishes it by: (1) releasing the prisoner on bail; (2) dismissing the charges; (3) releasing the prisoner on parole; or (4) the expiration of the sentence. *Cole,* 416

F.3d at 897. From the time that Petitioner was arrested by state law enforcement officers on on the pre-revocation warrant on June 2, 2011, he was under the primary custody of Texas until he was released on parole to the exclusive custody of the United States Marshal on May 8, 2013, to commence his federal sentence. *See* 18 U.S.C. § 3585(a) (providing an inmate's federal sentence commences "on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served"); *Causey v. Civiletti,* 621 F.2d 691, 693–94 (5th Cir. 1980); *Zerbst v. McPike,* 97 F.2d 253, 254 (5th Cir. 1938). His transfer pursuant to the writ of habeas corpus *ad prosequendum* to face his federal charge did not place him in the primary custody of federal authorities and was only "a loan" to the federal jurisdiction. *Causey,* 621 F.2d at 693. A prisoner detained pursuant to a writ of habeas corpus *ad prosequendum* is considered to remain in the primary jurisdiction of the first sovereign unless and until it relinquishes jurisdiction over the person. *Id.*; *Richardson v. Outlaw,* 274 F. App'x 353, 353 (5th Cir. 2008).

Further, "[t]he Attorney General, through the [BOP], determines what credit, if any, will be awarded to prisoners for time spent in custody prior to the commencement of their federal sentences." *Leal v. Tombone,* 341 F.3d 427, 428 (5th Cir. 2003) (citing *United States v. Wilson,* 503 U.S. 329, 331–32 (1992)). For offenses committed after November 1, 1987, prior custody credit is governed by 18 U.S.C. § 3585(b), which provides:

> **(b) Credit for prior custody.**—A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in

official detention prior to the date the sentence commences—

>**(1)** as a result of the offense for which the sentence was imposed; or
>
>**(2)** as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;

*that has not been credited against another sentence.*

18 U.S.C. § 3585(b) (emphasis added).

Section 3585(b) expressly prohibits awarding a prisoner "double credit for his detention time." *United States v. Wilson,* 503 U.S. 329, 337 (1992). Limited exceptions to the prohibition of double credit can arise when the federal sentence runs concurrently with a state sentence. *See Willis v. United States,* 438 F.2d 923 (5th Cir. 1971); *Kayfez v. Gasele,* 993 F.2d 1288 (7th Cir.1993). However, no such exception applies here because Petitioner's federal sentence was not ordered to run concurrently with his state sentence. *Willis,* 438 F.2d at 925; *Kayfez,* 993 F.2d at 1289. Consequently, Petitioner is not entitled to credit against his federal sentences for any time credited to his state sentence.

Finally, 18 U.S.C. § 3584(a), provides:

>(a) **Imposition of concurrent or consecutive terms.**—If multiple terms of imprisonment are imposed on a defendant at the same time, or if a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively, except that the terms may not run consecutively for an attempt and for another offense that was the sole objective of the attempt. Multiple terms of imprisonment imposed at the same time run concurrently unless the court orders or the statute mandates that the terms are to run consecutively. *Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently.*

5

18 U.S.C. § 3584(a) (emphasis added).

The federal judgment in Petitioner's case was silent on whether to run his federal sentence concurrently or consecutively to his state sentence, invoking a strong presumption that the sentence imposed separately should run consecutively. 18 U.S.C. § 3584(a); *Jones v. Joslin*, 635 F.3d 673, 674 (5th Cir. 2011). Nonetheless, the federal sentencing court was contacted by the BOP for its position on a retroactive designation, and it opposed a retroactive designation. Resp't's App. 46–47, ECF No. 10. Thereafter, the BOP considered the appropriate factors in determining that Petitioner's request for nunc pro tunc designation should be denied. *Id.* Under these circumstances, the BOP's decision is consistent with well-settled federal law and BOP regulations regarding consecutive sentences when the federal judgment is silent on the matter.

### III. CONCLUSION

For the reasons discussed, Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is **DENIED**. Further, pursuant to 28 U.S.C. § 2253(c), for the reasons discussed, a certificate of appealability is **DENIED**.

**SO ORDERED** on this 23rd day of March, 2021.

Mark T. Pittman
UNITED STATES DISTRICT JUDGE